IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| QUINCY SALLIEY, | * | |
| Petitioner, | * | Civil Action No. RDB-13-1443 |
| v. | * | Criminal Action No. RDB-10-0298 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM OPINION

On January 14, 2011, Petitioner Quincy Salliey ("Petitioner") pled guilty to being a felon in possession of a firearm. This Court sentenced Petitioner to 204 months imprisonment and five years of supervised release on March 30, 2011. Petitioner then appealed his conviction to the United States Court of Appeals for the Fourth Circuit claiming that his guilty plea had not been knowing or voluntary. The Court of Appeals affirmed this Court and upheld the Petitioner's sentence. On May 15, 2013, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 52) and a subsequent Memorandum of Law (ECF No. 64), alleging a Sixth Amendment claim of ineffective assistance of counsel. The Court has reviewed Petitioner's Motion and supporting Memorandum and the Government's opposition thereto (ECF No. 60) and finds no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Petitioner Quincy Salliey's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 52) pursuant to 28 U.S.C. § 2255 is DENIED.

## BACKGROUND

On or about May 27, 2010, police officers of the Baltimore Police Department were conducting a narcotics investigation in Baltimore, Maryland. *See* Plea Agreement Letter ¶ 6a, ECF No. 32. The officers watched an individual leave a dwelling on Bartlett Avenue with "a clear plastic bag that the officers were able to identify, both visually and through their knowledge and experience, as containing illegal narcotics." *Id.* The individual then handed this plastic bag to Petitioner who was parked in a vehicle on the street with two other females. *Id.* The officers approached the vehicle, removed Petitioner from the vehicle, arrested Petitioner, and performed a search incident to arrest. *Id.* Upon searching the Petitioner, the officers found "a clear plastic bag containing a total of 47 gelcaps filled with heroin and $319.00 in cash." *Id.* In the car, the officers found an "FEG Model SMC-918, 9mm semi-automatic pistol" containing "one live round in the chamber and six live rounds in the magazine." *Id.* The officers also located in the car "a clear plastic bag with six additional 9mm rounds and a brown bag containing two boxes of 9mm rounds" and "an additional $1930.00 from the dash compartment above the car radio." *Id.* After the initial arrest and search, the police officers transported Petitioner to headquarters. *Id.* Having waived his *Miranda* rights[1], Petitioner admitted to ownership of the gun and drugs in the vehicle. *Id.* Prior to this incident, Petitioner had been convicted of "a crime punishable by more than one year imprisonment and his civil rights had not yet been restored."[2] *Id.*

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).
[2] Specifically, in the Circuit Court for Baltimore,  Petitioner has been convicted of the following crimes: (1) CDS Unlawful Manufacture, CDS Conspiracy (No. 194073084); (2) Possession with Intent to Distribute CDS (No.

**STANDARD OF REVIEW**

This Court recognizes that Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside or correct his sentence where (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) the court lacked "jurisdiction to impose the sentence, . . . [(3)] the sentence was in excess of the maximum authorized by law, or [(4) the sentence] is otherwise subject to a collateral attack." 28 U.S.C. § 2255. "[A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428 (1962)).

To state a claim for relief under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel, a petitioner must satisfy the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 671 (1984). *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). The first prong, the "performance" prong, requires a showing that defense counsel's representation was deficient and fell below an "objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making this determination, courts observe a strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *Id.* at 688-89. The second prong, the "prejudice" prong, requires that defendant demonstrate that his counsel's errors deprived him of a fair trial. *Id.* at 687.

In applying the *Strickland* test, the United States Court of Appeals for the Fourth

---

197234010); (3) Possession with Intent to Distribute CDS (No. 102283048); and (4) Possession with Intent to Distribute CDS (No. 102296042).

Circuit has noted that there is no reason to address both prongs if the defendant makes "'an insufficient showing on one.'" *Moore v. Hardee*, 723 F.3d 488, 500 (4th Cir. 2013) (quoting *Strickland*, 466 U.S. at 697). Thus, ineffective assistance of counsel claims may be disposed of based solely on a deficiency in satisfying either the "performance" prong or the "prejudice" prong. *See Strickland*, 466 U.S. at 697. The Fourth Circuit has also noted that the mere possibility of a different trial result does not satisfy the burden of proving prejudice placed on the defendant. *See Hoots v. Allsbrook*, 785 F.2d 1214, 1221 (4th Cir. 1986). Additionally, "[i]neffective assistance claims are generally not cognizable on direct appeal . . . 'unless [an attorney's ineffectiveness] conclusively appears from the record.'" *United States v. Benton*, 523 F.3d 424, 435 (4th Cir. 2008) (quoting *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999)). Furthermore, when a defendant alleges ineffective assistance after a guilty plea has been entered, the burden of proving the second prong of prejudice becomes even greater. In *Hooper v. Garraghty*, 845 F.2d 471 (4th Cir. 1988), the Fourth Circuit explained: "Such a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper*, 845 F.3d at 475 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

## DISCUSSION

In his Motion, Petitioner argues his guilty plea could not have been made knowingly or voluntarily because (1) his attorney failed to file a motion to suppress, and (2) his attorney failed to investigate any mitigating circumstances. However, Petitioner asserts the same contentions that he argued on appeal before the United States Court of Appeals for the Fourth Circuit, and as such, this Court must summarily deny his Motion. Even on the

merits of his section 2255 Motion, however, Petitioner fails to allege facts to satisfy either of the *Strickland* prongs and establish ineffective assistance of counsel.  Petitioner also makes a request for court-appointed counsel to assist in his habeas claim, which this Court denies.

## I. Collateral Attack of an Issue Litigated on Appeal

Petitioner asserts that his "guilty plea and waiver were unknowingly or involuntarily entered." Pet'r Mot. Vacate, Set Aside, or Correct 5, ECF No. 52.  Petitioner's claim fails on its face because he has already challenged the voluntariness of his guilty plea on appeal.  *See* ECF No. 50; *see also United States v. Salliey*, 465 F. App'x 287, 288 (4th Cir. 2012) ("Here, the totality of the circumstances establishes that Salliey's guilty plea was knowingly and voluntarily entered. Accordingly, we affirm the judgment.").  It is not the role of this Court to consider questions on collateral attack that have been fully litigated on direct appeal.  *See United States v. Walker*, 299 F. App'x 273, 277 (4th Cir. 2008) ("Because we rejected this argument on direct appeal . . . and there has been no change in the governing law, [Petitioner] is foreclosed from re-asserting the issue on collateral review." (citing *United States v. Roane*, 378 F.3d 382, 396 n. 7 (4th Cir. 2004))); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (holding a petitioner cannot "recast, under the guise of collateral attack, questions fully considered" on direct appeal).  The United States Court of Appeals for the Fourth Circuit has already determined that Petitioner's plea was made knowingly and voluntarily.

## II. *Strickland* Prongs

However, even if this Court should address Petitioner's § 2255 Motion on its merits, the Motion fails to sufficiently allege any facts that show ineffective assistance of counsel.

Petitioner's arguments satisfy neither the performance nor the prejudice prongs of the *Strickland* test.

Addressing first the performance prong, this Court notes the strong presumption that counsel's actions fell within the "wide range of reasonable professional assistance." *See Strickland*, 466 U.S. at 688-89. Due to defense counsel's advocacy, Counts II and III of the original indictment were dropped. Notably, Count III of the indictment carried a mandatory minimum sentence of five years if the Defendant were to have been convicted. Furthermore, the mandatory minimum for Count I, the charge to which Petitioner pled guilty, is fifteen years with a potential maximum of life imprisonment. Due to the work of defense counsel, Petitioner received only seventeen years incarceration.

Additionally, Petitioner testified to his satisfaction with his counsel in his Rule 11 colloquy. Petitioner responded in the affirmative when this Court asked, "Are you fully satisfied with [counsel] and his representation and the advice which he's given you?" *See* H'rg Tr. 8, Jan. 14, 2011, ECF No. 43. In *Ford v. United States*, this Court noted the "strong presumption that [a] plea is final and binding when an appropriate Rule 11 of the Federal Rules of Criminal Procedure guilty plea colloquy is conducted." *Ford v. United States*, No. RDB-12-2848, 2013 WL 3155447, at *4 (D. Md. June 19, 2013) (citing *United States v. Lambey*, 974 F. 2d 1389, 1394 (4th Cir. 1992)). Petitioner has alleged no further facts to show deficiency in counsel's performance, and his claim, therefore, fails on the performance prong of the *Strickland* test.

Despite that Petitioner can show no deficiency by his counsel, Petitioner contends that defense counsel's chosen litigation strategies caused him prejudice because he was

6

deprived of the opportunity to go to trial.  However, when asked if he wanted to go to trial under oath, Petitioner replied, "I already discussed that with my attorney.  I'm not trying to go to trial." H'rg Tr. 18, Jan. 11, 2014, ECF No. 43.  The United States Court of Appeals for the Fourth Circuit has held that in the absence of "extraordinary circumstances," the truth of statements made in a Rule 11 colloquy are "conclusively established" and that a district court should "dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *See United States v. Lemaster*, 403 F.3d 216, 221–22 (4th Cir. 2005).  Even still, Petitioner contends he would have gone to trial if his defense counsel moved to suppress evidence or investigated mitigating circumstances.[3]

Petitioner first argues defense counsel should have moved to suppress evidence resulting from his arrest because the arrest was unlawful.[4]  Petitioner does little to assert any Fourth Amendment claim in that regard except to conclude that the statement of facts in the arrest warrant was "conclusory, or barebones lacking probable cause," and thus the arrest must not have been "supported by probable cause, or reasonable suspicion."  Pet'r Mem. of Law in Supp. of Pet'r 28 U.S.C § 2255 4, ECF No. 64.  However, Petitioner submitted as an exhibit to his Memorandum of Law a letter from his counsel, ECF No. 64-5, in which counsel identifies his reasoning for withdrawing the Motion to Suppress.  In his letter, counsel states he thoroughly investigated the evidence and found the Motion to Suppress

---

[3] Petitioner also contends that no one advised him of the potential maximum sentence of his conviction, but this contention is clearly refuted by the hearing transcript. *See* H'rg Tr. 12-13, Jan. 14, 2011, ECF No. 42.  This Court notified Petitioner, "If you go to trial and . . . if the jury convicts you of this charge, there is a 15-year mandatory minimum sentence that I am required by law to impose, and under no circumstances could I give you less than 15 years, and . . . the maximum penalty under that circumstance would be a maximum penalty of life imprisonment." *Id.*
[4] Notably, in his Rule 11 colloquy, Petitioner replied under oath in the negative to the question "Is there anything you've asked [counsel] to do that he's not done?" *See* H'rg Tr. 8, Jan. 14, 2011, ECF No. 43.

without merit.[5]  *Id.*  When asserting claims of ineffective assistance of counsel based on a failure to pursue a motion to suppress, the petitioner must "show actual prejudice by demonstrating that his 'Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence.'"  *See Ford v. United States*, No. RDB-12-2848, 2013 WL 3155447, at *4 (D. Md. 2013) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).  Petitioner's Motion fails to establish that his Fourth Amendment arguments are meritorious.  Thus, such contentions, while not showing deficiency of counsel, also cannot establish prejudice under the *Strickland* test.

Lastly, Petitioner argues that counsel failed to investigate mitigating circumstances with relation to his state convictions and that this alleged failure to investigate deprived him of a trial and lower sentence.  In *Hoots v. Allbrooks*, 785 F. 2d 1214 (4th Cir. 1986), the United States Court of Appeals for the Fourth Circuit, concluded that a "'decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying *a heavy measure of deference* to counsel's judgments.'"  *Id.* at 1419 (quoting *Strickland*, 466 U.S. at 691) (emphasis added).  In addition, the cases Petitioner cites in support of his contention all hold that counsel needs only to make reasonable investigations into mitigating circumstances.  *See Rompilla v. Beard*, 545 U.S. 374 (2005).  In this case, Petitioner admits through his Memorandum of Law that his counsel did in fact investigate into possible mitigating circumstances.  *See* Pet'r Mem. of Law in Supp. of Pet'r 28 U.S.C § 2255 5, ECF No. 64. Petitioner discusses counsel's extensive review of the state hearing transcripts and

---

[5] Petitioner provides no evidence contradicting these statements.  *See generally* Pet'r Mem. of Law in Supp. of Pet'r 28 U.S.C § 2255, ECF No. 64.

investigation into the possible mitigation of his sentence.  *Id.*  Furthermore, defense counsel's letter to Petitioner also attested to his investigation of the prior state convictions.  ECF No. 64-5 ("I have reviewed the records of your prior convictions carefully and find no basis to challenge the validity of your guilty pleas.").   Thus, Petitioner's far-reaching claim that counsel did not adequately investigate any mitigating circumstances is not supported by any facts and does not satisfy the prejudice prong of the *Strickland* test.  By not raising these issues, Counsel made no error and Petitioner was not deprived of a fair trial.  *See Strickland*, 466 U.S. 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.").

### III. Appointing Counsel

Lastly, Petitioner requests court-appointed "counsel pursuant to the Criminal Justice Act in furtherance of competently and intelligently establishing and supporting the within claims." Pet'r Mem. of Law in Supp. of Pet'r 28 U.S.C § 2255 1, ECF No. 64.  However, there exists no constitutional right to habeas counsel.  *See United States v. Riley*, 21 F. App'x 139, 142 (4th Cir. 2001).  When a court chooses not conduct an evidentiary hearing in a habeas proceeding, it appoints counsel according to discretion when "the interests of justice so require." *See* 18 U.S.C.A. § 3006(A)(2)(a); *see also* Rule 8 of the Governing Rules of § 2255 Motions (requiring the court to appoint counsel for a § 2255 motion only if the court conducts an evidentiary hearing.).  As outlined above, there is no need for an evidentiary hearing in this case, and the interests of justice do not require Petitioner to have counsel for ruling on this motion.  As such, this Court will not appoint counsel to represent Petitioner in his § 2255 motion.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 64)  pursuant to 28 U.S.C. § 2255 is DENIED.  In addition, Petitioner's request for counsel is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: August 1, 2014                          ____/s/_____

                                                            Richard D. Bennett
                                                            United States District Judge